

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2009

# Seasonwein v. First Montauk

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2781

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Seasonwein v. First Montauk" (2009). *2009 Decisions*. Paper 1651.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1651

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2781
_____

JEROME SEASONWEIN,

Appellant

v.

FIRST MONTAUK SECURITIES CORP

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 03-cv-00459)

District Judge: Hon. Anne E. Thompson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 10, 2009

Before: FUENTES, CHAGARES and ALDISERT, Circuit Judges.

(Opinion Filed: March 30, 2009)

FUENTES, Circuit Judge:

Jerome Seasonwein brought this suit against First Montauk Securities, alleging

that he was terminated because of his age in violation of the Age Discrimination in

1

Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 et seq. On October 27, 2003, District Judge Anne Thompson granted First Montauk's motion for summary judgment on the ADEA claim and dismissed the NJLAD claim for lack of subject matter jurisdiction. Seasonwein appealed, and we reversed the district court's grant of summary judgment insofar as it dismissed Seasonwein's claim of disparate treatment under the ADEA, and affirmed the grant of summary judgment insofar as it dismissed his claim of disparate impact. Seasonwein v. First Montauk Secs. Corp., 189 F. App'x 106 (3d Cir. 2006). The case was remanded back to the district court and a jury trial ensued. The jury decided in favor of First Montauk, returning a verdict of no liability.

Seasonwein now appeals two evidentiary decisions made by the district judge during the trial. For the reasons addressed below, we will affirm.

I.

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of this case.

Jerome Seasonwein worked at First Montauk from May 1999 to March 2002. He was sixty when he was hired. During that time, he worked principally as a compliance officer, save a four month stint when he worked as a trader.

In late 2000, First Montauk's business went into steep decline. Between September 2000 and October 2002, First Montauk laid off twenty-seven employees,

representing nearly 25% of its workforce.  Seasonwein was among those affected:  he was laid off in February 2002, during the third round of layoffs.

First Montauk offered a severance package to its laid-off workers in exchange for a general release and waiver of all claims against First Montauk.  In February 2002, Seasonwein was given this offer, and after ten days of consideration, accepted the severance package.  The release signed by Seasonwein, however, did not contain language required by the Older Workers Benefits Protection Act (OWBPA), 29 U.S.C. § 626, a statute that aims to protect older workers from unknowingly and involuntarily waiving ADEA claims.  Because the release did not strictly comply with the OWBPA, Judge Thompson held the release ineffective, and permitted Seasonwein to pursue his claims against First Montauk.

## II.

Seasonwein presents two issues on appeal, both of which concern the admission of evidence.[1]  The trial judge's rulings will be reviewed for abuse of discretion.  Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 412 (3d Cir. 2002) (citing General Elec. Co. v. Joiner, 522 U.S. 136, 141-42 (1997)).

First, Seasonwein argues that the trial judge erred in admitting the ages of all twenty-seven employees laid off by First Montauk between September 2000 and October 2002.  First Montauk sought to admit this information to demonstrate that employees of

_____

[1]We derive our jurisdiction from 28 U.S.C. § 1291.

3

all ages were let go in roughly equal numbers. Seasonwein asked the court to only admit the ages of the laid-off traders, as the majority of the laid-off traders were over forty.

The trial judge's decision to admit the demographic evidence of all the laid-off employees – not just the traders – was not an abuse of discretion. Although Seasonwein was licenced as a trader, the evidence presented before the court showed that Seasonwein spent the majority of his time at First Montauk working as a compliance officer/analyst, not as a trader. Accordingly, the trial judge was well within her discretion to determine that demographic evidence relating to all of the employees laid off – both traders and non-traders – was relevant to Seasonwein's claims of discrimination.

Second, Seasonwein argues that the district judge inappropriately permitted First Montauk to admit evidence regarding a general release entered into by Seasonwein and First Montauk. Seasonwein's principal argument is that the release should have been barred pursuant to Federal Rule of Evidence 408 as a settlement document. Here, too, there was no abuse of discretion. At the time Seasonwein signed the release, he had not yet alleged – or even considered alleging – any claims against First Montauk. As a result, the agreement signed by Seasonwein merely affected a general release – it did not settle any specific claims, as there were no claims at issue that could have been settled. Other circuit courts have drawn a distinction between actual claims and potential claims, and have found that in the case of potential claims, "the policy behind Rule 408 does not come into play." See, e.g., Cassino v. Reichold Chems., Inc., 817 F.2d 1338, 1343 (9th

4

Cir. 1987).  The district judge did not abuse her discretion in following this line of reasoning.[2]

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2]Seasonwein also argues that the Fifth Circuit's opinion in <u>Tyler v. Union Oil Co. of California</u>, 304 F.3d 379 (5th Cir. 2002) supports his argument that the release was inadmissible.  To the contrary, in <u>Tyler</u> the Fifth Circuit held that a similar release which violated the OWBPA could be admitted to show the state of mind of the plaintiff that signed the release.  <u>Id.</u> at 391.